IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| FATIMA DEMARIA | : | VIOLATIONS:<br>18 U.S.C. § 1546(a) (asylum fraud – 8 counts)<br>18 U.S.C. § 1341 (mail fraud – 8 counts)<br>18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |
| | : | |
| | : | |

## INDICTMENT

## COUNTS ONE THROUGH EIGHT

THE GRAND JURY CHARGES THAT:

### BACKGROUND

1. Pursuant to federal immigration law, to obtain asylum in the United States, an alien, that is, an individual who is not a citizen or national of the United States, is required to show that he or she has either suffered past persecution or has a "well-founded fear" of future persecution if he or she were to return to their home country, on the basis of race, religion, nationality, political opinion, or membership in a particular social group.

2. Aliens who are present in the United States and wish to file for asylum must submit an application called a Form I-589 with United States Citizenship and Immigration Services ("USCIS"), an agency within the United States Department of Homeland Security ("DHS"). In general, Form I-589 asylum applications must be filed by the alien applicant within one year of the date of the alien's arrival in the United States, unless they qualify for an exception to that deadline. The Form I-589 requires a detailed account of the basis of the alien's claim to asylum. Both the

applicant, and any individual other than a close relative who assists the applicant in preparing the Form I-589, such as an attorney or representative, are required to verify the accuracy of the information submitted in the application by signing the document under penalty of perjury.

   3. After a Form I-589 asylum application is submitted to USCIS, an alien applicant for asylum may also apply for an Employment Authorization Document ("EAD") or "work permit," so that they can obtain lawful employment during the period of time that their asylum application is pending, a process that can take a number of years. Aliens must wait at least 150 days after filing an asylum application to apply for a work permit. Applications for work permits are made through the Form I-765, which in turn requires that the alien applicant set forth their eligibility category for the application. In the case of aliens with pending I-589 asylum applications, the relevant eligibility category is "(c)(8)." Both the alien applicant, and any individual other than a close relative who assists the applicant in preparing the Form I-765, such as an attorney or representative, are required to verify the accuracy of the information submitted in the application by signing the document under penalty of perjury.

   4. Once USCIS processes a Form I-589 asylum application, the next stage in the process is for an asylum officer with USCIS to conduct an in-person interview of the applicant, a process that may take a number of years. After the interview, the asylum officer determines whether the alien applicant qualifies for asylum, and that determination is reviewed by a supervisory officer in USCIS. If the application is granted, the alien becomes an asylee and is eligible to apply for lawful permanent resident status after one year. If the application is denied, and the alien is otherwise removable, the matter is generally referred to the Executive Office for Immigration

Review ("EOIR"), an agency within the United States Department of Justice, for the alien to appear in immigration court for a removal hearing.

## THE SCHEME

At all times material to this indictment:

5. USCIS was an agency of DHS that administers the country's immigration and naturalization applications and benefits. USCIS was charged with processing immigrant visa petitions, naturalization applications, asylum applications, applications for adjustment of status (green cards), applications for work authorization, and other immigration-related applications.

6. Defendant FATIMA DEMARIA owned and operated Immigration Matters Legal Services, currently located at 125 Bell Tower Lane Suite 1, Oxford, in Chester County, Pennsylvania, which provided immigration-related services to aliens. Immigration Matters Legal Services employed a secretary, Person No. 1, who reported directly to defendant DEMARIA and who took direction from defendant DEMARIA, including by mailing immigration-related applications and submissions at defendant DEMARIA's direction.

7. Defendant FATIMA DEMARIA falsely represented herself to alien clients and prospective alien clients as an immigration attorney who could help undocumented aliens obtain employment authorization or "work permits." Defendant DEMARIA was not a licensed attorney. Nor was defendant DEMARIA accredited or authorized by the Executive Office for Immigration Review ("EOIR") to represent individuals in immigration proceedings.

8. Defendant FATIMA DEMARIA prepared, and caused to be prepared, fraudulent Form I-589 asylum applications in her alien clients' names, without their knowledge or consent. Defendant DEMARIA knowingly made, and aided and abetted the making of, false

3

and material misstatements in the I-589 asylum applications. For example, defendant DEMARIA caused to be stated on each asylum application that the alien applicant was "seeking asylum or withholding of removal" based on "political opinion" and "Torture Convention." Defendant DEMARIA's alien clients, however, were not seeking asylum based on either of these categories, and they did not inform defendant DEMARIA, Person No. 1, or any representative at Immigration Matters Legal Services of facts that could make them eligible for asylum under either of these categories.

9. Defendant FATIMA DEMARIA attached, and caused to be attached, "addendums" to her alien clients' I-589 asylum applications containing multiple false assertions about the applicants' backgrounds, alleged mistreatment and threats suffered, and purported fears of persecution in their home countries. Neither defendant DEMARIA nor anyone working at her direction, including Person No. 1, collected personalized information from her alien clients about whether they had suffered past persecution or had a well-founded fear of persecution in their home countries based on a protected class under the refugee and asylum laws. Defendant DEMARIA instead caused recycled and boilerplate false material facts and claims of fears of persecution to be included in application after application, without verifying with her alien clients whether these statements were true. Defendant DEMARIA caused false, boilerplate, and standardized factual claims to be made in these addendums, including in describing alleged harm, threats, and persecution purportedly experienced by her alien clients.

10. Defendant FATIMA DEMARIA and those acting at her direction, including Person No. 1, altogether failed to advise defendant DEMARIA's alien clients that the mechanism through which she would help them obtain work permits from USCIS was by filing

frivolous Form I-589 asylum applications. Defendant DEMARIA and those acting at her direction, including Person No. 1, did not share the asylum applications in her alien clients' names with her clients before she filed them. Defendant DEMARIA and those acting at her direction, including Person No. 1, also did not advise her alien clients that if the asylum applications filed on their behalf (which she did not inform her clients were even being filed) were rejected or referred by USCIS, it would result in their being placed in removal proceedings, at which point the filing of the baseless asylum application could jeopardize their eligibility for future immigration benefits.

11. Defendant FATIMA DEMARIA placed, and caused to be placed, her alien clients' signatures on the Form I-589 asylum applications, certifying under penalty of perjury that the applications and supporting evidence were true and correct, without her clients' knowledge or consent.

12. Defendant FATIMA DEMARIA falsely declared, and caused to be declared, on each Form I-589 asylum application that Immigration Matters Legal Services prepared the application at the request of the alien client, that the responses on the application were based on information of which Immigration Matters Legal Services had knowledge or was provided by the applicant, and that the application was read to the applicant in his or her native language.

13. Defendant FATIMA DEMARIA submitted, and caused to be submitted, the fraudulent Form I-589 asylum applications in her clients' names to USCIS, without her clients' knowledge or consent. Defendant DEMARIA did so by mailing, and causing the mailing of, the applications to USCIS through the U.S. postal service.

14. Defendant FATIMA DEMARIA charged her alien clients approximately $6,000-9,000 per individual alien, and $12,000-$15,000 per couple, for her purported legal services in conjunction with applying for the work permit (which, unbeknownst to her alien clients, included the filing of false Form I-589 asylum applications). Defendant DEMARIA quoted her alien clients an initial charge of approximately $6,000 per individual and $12,000 per couple, and then sometimes levied additional charges when the clients attempted to retrieve their work permits.

15. Defendant FATIMA DEMARIA often requested that her alien clients pay her in cash or electronic peer-to-peer transactions for her purported legal services in connection with applying for work permits (which, unbeknownst to her alien clients, included the filing of false Form I-589 asylum applications), and many of these funds were deposited into defendant DEMARIA's personal bank accounts, hundreds of thousands of dollars of which were then withdrawn at local casinos.

16. On or about the dates set forth below, in Philadelphia, in the Eastern District of Philadelphia, and elsewhere, defendant

**FATIMA DEMARIA**

knowingly made, and aided and abetted the making of, under oath, and subscribed as true, and aided and abetted the subscribing as true, under penalty of perjury pursuant to Title 28, United States Code, Section 1746, false statements with respect to material facts in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and knowingly presented, and aided and abetted the presenting of, such application, affidavit, and other document which contained such false statements and which failed to contain

any reasonable basis in law and fact, each false immigration document constituting a separate count:

| Count | Date Subscribed | Alien | Immigration Document |
|-------|-----------------|-------|----------------------|
| 1 | 12/23/2021 | ESS | I-589 Asylum Application |
| 2 | 8/1/2023 | EZB | I-589 Asylum Application |
| 3 | 3/26/2024 | ANLL | I-589 Asylum Application |
| 4 | 4/16/2024 | JAAS | I-589 Asylum Application |
| 5 | 5/23/2024 | MADC | I-589 Asylum Application |
| 6 | 6/13/2024 | JLZ | I-589 Asylum Application |
| 7 | 6/27/2024 | CMA | I-589 Asylum Application |
| 8 | 7/1/2024 | ASC | I-589 Asylum Application |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNTS NINE THROUGH SIXTEEN

### THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 6 of Counts One through Eight are incorporated here.

### THE SCHEME

2. From no later than December 2021 until the present, in the Eastern District of Pennsylvania and elsewhere, defendant

### FATIMA DEMARIA

devised and intended to devise, and aided and abetted the devising of, a scheme to defraud alien clients of her business, Immigration Matters Legal Services, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

It was part of the scheme that:

3. The allegations in paragraphs 7 through 15 of Counts One through Eight are incorporated here.

4. Defendant FATIMA DEMARIA caused the mailing of immigration packages containing fraudulent and frivolous Form I-589s from U.S. post offices in Lincoln University, Pennsylvania, Oxford, Pennsylvania, and Nottingham, Pennsylvania to USCIS's offices in Essex Junction, Vermont, Dallas, Texas, Laguna Niguel, California, and Chicago, Illinois.

5. On or about each of the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendant

## FATIMA DEMARIA,

for the purpose of executing the scheme described above, and aiding and abetting its execution, knowingly caused to be transmitted by United States mail the following documents, each mailing constituting a separate count:

| Count | Date Mailed | Mailed From | Mailed To | Alien(s) | Immigration Document |
|---|---|---|---|---|---|
| 9 | 1/10/2022 | U.S. Post Office, Lincoln University, PA | Vermont Service Center, 38 River Road, Essex Junction, VT 05479 | ESS | I-589 Asylum Application [Note: Envelope says "Attention: Asylum] |
| 10 | 8/22/2023 | U.S. Post Office, Oxford, PA | USCIS, PO Box 10881, Laguna Niguel, CA, 92607 | EZB<br><br>CLJ | I-589 Asylum Application [Note: Envelope says "Attn: I-589"] |
| 11 | 4/12/2024 | U.S. Post Office, Nottingham, PA | USCIS PO Box 653080, Dallas, TX, 75265 | ANLL | I-589 Asylum Application [Note: Envelope says "Attn: I-589"] |
| 12 | 4/26/2024 | U.S. Post Office, Oxford, PA | USCIS, PO Box 653080, Dallas, TX, 75265 | JAAS | I-589 Asylum Application [Note: Envelope says "Attn: I-589"] |
| 13 | 6/6/2024 | U.S. Post Office, Oxford, PA | USCIS, PO Box 653080, Dallas, TX, 75265 | MADC<br><br>CPMV | I-589 Asylum Application [Note: Envelope says "Attn: I589"] |
| 14 | 7/31/2024 | U.S. Post Office, Oxford, PA | USCIS, PO Box 653080, Dallas, TX, 75265 | JLZ<br><br>LGM | I-589 Asylum Application [Note: Envelope says "Attn: I-589"] |

| Count | Date Mailed | Mailed From | Mailed To | Alien(s) | Immigration Document |
|---|---|---|---|---|---|
| 15 | 8/15/2024 | U.S. Post Office, Oxford, PA | USCIS, PO Box 653080, Dallas, TX, 75265 | CMA<br><br>ECMG | I-589 Asylum Application [Note: Envelope says "Attn: I-589"] |
| 16 | 8/27/2024 | U.S. Post Office, Oxford, PA | USCIS, PO Box 653080, Dallas, TX, 75265 | ASC<br><br>MLT | I-589 Asylum Application [Note: Envelope says "Attn: I-589"] |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     As a result of the violations of Title 18, United States Code, Sections 1341 and 1546 as set forth in this indictment, defendant

**FATIMA DEMARIA**

shall forfeit to the United States of America any property, real of personal, which constitutes or is derived from proceeds traceable to the commission of such violations, including, but not limited to, the sum of $1,000,000.

      2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      (a)     cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the Court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

11

Case 2:25-cr-00324-GAM   Document 1   Filed 07/29/25   Page 12 of 13

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

[signature]

_____
DAVID METCALF
UNITED STATES ATTORNEY

*No. 25-*

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

FATIMA DEMARIA

INDICTMENT

Counts
18 U.S.C. § 1546(a) (asylum fraud – 8 counts)
18 U.S.C. § 1341 (mail fraud – 8 counts)
18 U.S.C. § 2 (aiding and abetting)

Filed in open ⬛ day,
Of ____